991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Rasonne BELL, Defendant-Appellant.
 No. 92-5126.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 15, 1993
Decided: April 5, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-91-370-A)
 John C. Floyd, III, Washington, D.C., for Appellant.
 Richard Cullen, United States Attorney, Quincy Leon Ollison, Assistant United States Attorney, Ann-Marie Sax, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 RaSonne Bell appeals his conviction and sentence for conspiracy to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 846 (1988). He contends that the trial court erred first in denying without a hearing his motion to withdraw his guilty plea or reopen his Rule 11 hearing and again in denying him a reduction on his sentence for acceptance of responsibility under United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1991). Finding no error, we affirm.
 
 
 2
 Bell was indicted on five counts of violating federal law in relation to a drug operation in northern Virginia. He pled guilty to conspiracy to distribute in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 846 pursuant to a plea agreement. In exchange for the plea and an agreement to cooperate, the other four counts were dismissed.
 
 
 3
 After his guilty plea and Rule 11 colloquy, Bell retained a different attorney, who moved to withdraw his guilty plea or reopen the Rule 11 proceedings. In support of his motion, Bell contended that he disagreed with the facts as presented in the factual statement with the plea agreement. Bell contended that the events stated occurred a few months earlier, before Bell's eighteenth birthday. The court denied the motion without a hearing, finding that there was a factual basis for the guilty plea, then sentenced Bell to 151 months in prison, five years of supervised release, and a $50 special assessment.
 
 
 4
 Bell contends that his due process rights were violated because his motion to withdraw or reopen the Rule 11 proceedings was denied without a hearing. However, although such hearings are liberally granted, Bell had no automatic right to a hearing. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S. 1991). We review the district court's decision to hold or deny a hearing for abuse of discretion. Id. We also review the court's decision to deny the motion, based on its determination of whether a "fair and just" reason for withdrawal has been presented, for abuse of discretion. United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir. 1992).
 
 
 5
 Here, the court did not abuse its discretion in determining that Bell had not presented a "fair and just" reason for withdrawal. Moore, 931 F.2d at 248. Bell presented no credible evidence that his plea was not knowing and voluntary, no credible assertion of legal innocence, no valid reason for a ten-week delay before moving for withdrawal, and no evidence that he did not receive the close assistance of competent counsel. As a result, although there would have been no prejudice to the government, the district judge did not abuse his discretion in denying without a hearing the motion to withdraw the guilty plea or reopen the Rule 11 proceedings. See id.
 
 
 6
 Bell also contends that the trial court erred in denying him a reduction in sentence for acceptance of responsibility because he disagreed with the facts as stated in the statement of facts accompanying the plea agreement.* The district court's determination of the defendant's qualification for a reduction in sentence based on acceptance of responsibility is reviewed under the clearly erroneous standard. United States v. Gordon, 895 F.2d 932, 937 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). In this case, Bell told police at an interview in early 1991 his version of the events, which conformed with the facts as recorded in the factual statement, then reaffirmed the truthfulness of the factual statement under oath at the Rule 11 hearing. Later, Bell changed his story and asserted that the events happened, but happened a few months earlier when he was under eighteen. In light of the fact that Bell told inconsistent stories, the district court's finding that he was not entitled to a reduction was not clearly erroneous.
 
 
 7
 Accordingly, we affirm Bell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The government contends that Bell waived his right to appeal his sentence as a result of a waiver provision in the plea agreement. We find that because the district court did not question Bell about the waiver at the Rule 11 colloquy and there is no other clear evidence in the record of a knowing and intelligent waiver, Bell did not waive his right to appeal his sentence. See United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)